IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MIMG XXXVI WEST TECH LOFTS, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>MIGEL TAYLOR, et al,<br><br>        Defendants. | CASE NO. 1:22-CV-02181-CEF<br><br>DISTRICT JUDGE<br>Charles Esque Fleming<br><br>MAGISTRATE JUDGE<br>James E. Grimes Jr.<br><br>**REPORT & RECOMMENDATION** |

Plaintiff MIMG XXXVI West Tech Lofts, LLC filed an eviction complaint in Cleveland Municipal Court against Migel Taylor and Anita Jackson. The complaint did not rely on the United States Constitution or any federal statute or regulation.

In December 2022, Taylor filed a notice of removal in this Court, purportedly on his and Jackson's behalf.[1] The notice alleged federal jurisdiction based on federal constitutional and statutory violations. Doc. 1, at 2.

On review of the complaint and the notice of removal, I ordered Taylor and Jackson to show cause why I should not recommend that the Court remand

---

[1] The notice states "that defendant(s) ANITA JACKSON and MIGEL TAYLOR hereby remove[] to this Court the state court action described below." Doc. 1, at 1. But it is only signed by Taylor, who is apparently not an attorney. *Id.*

this case based on its lack of jurisdiction to consider it. Doc. 6. Taylor and Jackson responded with identical documents, each styled as "Affidavit of US Nationality / Declaration of Status." Docs. 7, 8. These documents contain a sovereign citizen word salad. They are nonsensical and do not respond to the order to show cause.[2]

MIMG then filed a motion to remand, raising the points I raised in the order to show cause, namely that federal-question jurisdiction must arise based the complaint and not counterclaims or defenses. Doc. 10, at 3-4. MIMG also argued that the Court lacks diversity jurisdiction.[3] *Id*. at 4.

I gave Taylor and Jackson an abbreviated window in which to respond to the motion to remand—they'd already had a chance to show cause—and Jackson responded with a filing styled as "motion to dismiss eviction action with prejudice."[4] Doc. 11. The motion is somewhat more understandable than

---

[2] Summarizing the documents Taylor and Jackson filed would be pointless. It is enough to say that they contain "meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans." *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017).

[3] Neither Taylor nor Jackson has claimed that this Court has diversity jurisdiction under 28 U.S.C. § 1332. *See* Doc. 1. And they have not responded to MIMG's affirmative assertion that the Court lacks diversity jurisdiction. *See* Doc. 10, at 4.

[4] The filing was submitted by Taylor. Doc. 11, at 5. Since non-attorneys cannot represent anyone but themselves, the motion only applies to Taylor. Additionally, Taylor captioned the motion as though the defendants are "the Corporation of Migel Taylor" and "the Corporation of Anita Jackson." This nomenclature is apparently how some litigants who espouse sovereign citizen beliefs reference themselves in legal filings.

Taylor's response to the order to show cause. But it relies on nonsensical legal theories and factual assertions that are not accompanied by evidence. So it is meritless.

Taylor and Jackson were given opportunities to respond to the order to show cause and MIMG's motion to remand. The question of the Court's jurisdiction is ripe for decision.[5]

*Discussion*

Under 28 U.S.C. § 1441(a), a defendant in a state-court civil action may remove the action to a United States district court with jurisdiction over "the place where such action is pending." But removal is only appropriate if the district court "would have [had] original jurisdiction over [the] civil action" if it had been filed there from the start. *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal-question jurisdiction under 28 U.S.C. § 1331 is proper "only when a federal question is presented on the face of the Plaintiff's properly pleaded Complaint." *Caterpillar Inc.*, 482 U.S. at 392. Federal causes of action raised in counterclaims or defenses to a complaint do not establish federal question jurisdiction for the complaint and do not provide a basis for removal. *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007). "The party seeking removal bears the burden of demonstrating that the

---

[5] Taylor—but not Jackson—filed a motion to proceed in forma pauperis. Doc. 2. Having reviewed it, I recommend that the Court deny Taylor's motion.

3

district court has original jurisdiction." *Eastman*, 438 F.3d at 549. And "[i]f at any time … it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).

In this case, the face of MIMG's complaint in Cleveland Municipal Court does not allege any cause of action arising under federal law. Doc. 1-2, at 1-2. Taylor and Jackson have done nothing to carry their burden to show that the Court has jurisdiction. And their federal counterclaims and defenses do not provide a basis for removal.

*Conclusion*

There is no valid basis for the Court to exercise federal removal jurisdiction in this case. As a result, I recommend that this action be remanded to Cleveland Municipal Court. *See* 28 U.S.C. § 1447(c).

Dated: January 18, 2023

 */s/ James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–531 (6th Cir. 2019).